UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:12-CV-129-TLS |
| ) | |
| KULDEEP SINGH and ) | |
| PETER M. FORTRIEDE, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Summary Judgment [ECF No. 21] filed by the Plaintiff, Allstate Insurance Company, on September 14, 2012. The Plaintiff requests a declaratory judgment stating that its policy provides no coverage for any and all claims arising out of injuries allegedly sustained by Defendant Peter M. Fortriede when Defendant Kuldeep Singh fired a handgun at the automobile in which Defendant Fortriede was sitting on September 20, 2009. For the reasons discussed below, the Court will grant the Motion for Summary Judgment.

**BACKGROUND**

The Plaintiff issued an automobile insurance policy to Nachhatar Singh to insure a 2006 Hummer H2, among other vehicles. The policy, No. 9 11 947733 08/12, was effective from August 12, 2009, until February 12, 2010, and it listed Defendant Kuldeep Singh as a driver. (*See* Auto Policy Declarations, ECF No. 21-1 at 7.) The policy provided as follows: "[Y]our policy protects an insured person from liability for damages arising out of the ownership, maintenance or use, loading or unloading of an insured auto." (*Id.* at 28.) In the section of the

policy entitled "Exclusions—What Is Not Covered," the policy excluded from coverage "bodily injury or property damage intended by, or reasonably expected to result from, the intentional or criminal acts or omissions of an insured person. This exclusion applies even if . . . such bodily injury or property damage is of a different kind or degree than intended or reasonably expected." (*Id.* at 29.)

On September 20, 2009, Defendant Fortriede was stopped at a traffic light at the intersection of Dupont Road and Lima Road in Fort Wayne, Indiana. He was wearing a United States Army uniform because he was on active military duty at the time. Defendant Singh, driving the Hummer H2, was stopped at the same traffic light, in the lane to the left of Defendant Fortriede's vehicle, and his vehicle was pointed in the same direction as Defendant Fortriede's vehicle. Defendant Singh lowered the passenger window and fired a handgun at Defendant Fortriede's vehicle, striking the doorframe of Defendant Fortriede's vehicle with the bullet. Defendant Fortriede filed a Complaint for Damages against Defendant Singh in the Allen Superior Court (Compl. for Damages, ECF No. 21-2), and Defendant Singh pled guilty to criminal recklessness, a class D felony, on April 4, 2011 (Plea Agreement on Plea of Guilty, ECF No. 21-3).

On April 26, 2012, the Plaintiff filed a Complaint for Declaratory Judgment [ECF No. 1] pursuant to 28 U.S.C. § 2201, seeking a determination that Defendant Singh is not entitled to liability insurance coverage under the automobile insurance policy issued by the Plaintiff. In the Complaint, the Plaintiff named both Defendant Singh and Defendant Fortriede as parties with whom the Plaintiff has an actual dispute concerning the applicability of the policy. The Plaintiff maintains that if its policy is found to apply in this case, it could be responsible for paying the

2

costs of Defendant Fortriede's alleged personal and emotional injuries and for defending Defendant Singh in the civil action.

On September 14, 2012, the Plaintiff filed its Motion for Summary Judgment [ECF No. 21] along with a Memorandum of Law in Support [ECF No. 22]. The Plaintiff argues that a declaratory judgment is appropriate because Defendant Fortriede's alleged injuries did not arise "out of the ownership, maintenance or use" of the insured automobile, and because any alleged injuries to Defendant Fortriede resulted from Defendant Singh's intentional and criminal conduct. Defendant Fortriede entered a Response [ECF No. 23] on October 9, in which he concedes that the Plaintiff is entitled to summary judgment because Defendant Singh's intentional and/or criminal conduct precludes coverage under the policy.

Defendant Singh entered a Response [ECF No. 24] and a Memorandum of Law in Support [ECF No. 25] on October 12, insisting that summary judgment is not appropriate. Defendant Singh disputes some of the facts submitted by the Plaintiff in its briefing, and submits the following alternate facts:

> [O]n September 20th, 2009, Defendant Singh was sitting in his vehicle in the parking lot and/or drive through area of Taco Bell restaurant located at the intersection of Dupont and Lima roads in Allen County Indiana, at which time he was approached by Fortriede, while in his pickup truck. Fortriede exhibited behavior towards Singh that was strange, erratic and threatening. He would drive his truck in the parking lot areas of Walmart and Taco Bell at the aforementioned intersection, at high rates of speed, spinning and "squealing" his tires and causing his truck to spin in "doughnut" like motions. He would drive up to Singh's vehicle in this fashion and verbally berate him for no reason. He yelled ethnic and racially charged obscenities to Singh, telling him that "we are fighting you people over there, so that you can come here and take our jobs." He also yelled vulgarities and insults directed toward Singh's mother and family. Singh left the area and Fortriede continued to follow him, exhibiting the same driving behavior and yelling obscenities. Fortriede also motioned his thumb across his throat while shouting racial/ethnic insults, which placed Singh in fear, considering his other behavior. Fortriede pulled up next to Singh at the aforementioned intersection, at which time Singh discharged his firearm in the

3

> direction of Fortriede's vehicle. Singh only meant to scare Fortriede in order to get him to cease his behavior and not follow him. He did not point his firearm directly at him, and was not intending to harm Fortriede.

(Mem. of Law in Supp. of Resp. 2–3, ECF No. 25.) Defendant Singh's version of the facts is supported by his Affidavit [ECF No. 24-2]. He argues that alleged injuries to Defendant Fortriede could have arisen from the operation, maintenance, or use of an insured vehicle because they arose from Defendant Singh's defense against Defendant Fortriede's acts of road rage. Defendant Singh also argues that because he pled guilty to reckless behavior, his acts were not intentional and/or criminal acts triggering the policy exclusion. Noting that Indiana caselaw is against him, Defendant Singh also suggests that he "should be allowed to ask the Indiana courts to revisit the issue" in light of the specific facts of his case as well as a 2001 Florida District Court of Appeal decision.

The Plaintiff filed a Reply [ECF No. 26] on October 26, arguing that no authority supports the proposition that an act of road rage is conduct arising out of the operation, maintenance, or use of a vehicle. The Plaintiff also argues that Defendant Singh's intentional, criminal act excludes this incident from coverage under the plain language of the policy whether or not Defendant Singh had the specific intent to shoot Defendant Fortriede.

The Motion for Summary Judgment is fully briefed and ripe for this Court's ruling.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the facts supported by materials in the record show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. The motion should be granted so long as no

rational fact finder could return a verdict in favor of the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson,* 477 U.S. at 249–50; *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* N.D. Ind. L.R. 56-1(a) (stating that the movant must provide a "Statement of Material Facts" that identifies the facts that the moving party contends are not genuinely disputed). In response, the nonmoving party cannot rest on bare pleadings alone but must use the evidentiary tools listed in Rule 56 to designate specific material facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000); N.D. Ind. L.R. 56-1(b) (directing that a response in opposition to a motion for summary judgment must include "a section labeled 'Statement of Genuine Disputes' that identifies the material facts that the party contends are genuinely disputed so as to make a trial necessary"). According to Federal Rule of Civil Procedure 56:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

Although a bare contention that an issue of fact exists is insufficient to create a factual

dispute, the court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *see Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (noting the often stated proposition that "summary judgment cannot be used to resolve swearing contests between litigants"). A material fact must be outcome determinative under the governing law. *Insolia*, 216 F.3d at 598–99. "Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute." *Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008). Summary judgment is the "put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (quotation marks omitted).

"[T]he interpretation of an insurance contract is a question of law which is particularly well-suited for disposition by summary judgment." *Adkins v. Vigilant Ins. Co.*, 927 N.E.2d 385, 389 (Ind. Ct. App. 2010) (citing *Am. Family Life Assurance Co. v. Russell*, 700 N.E.2d 1174, 1177 (Ind. Ct. App. 1998)); *cf. Hurst-Rosche Eng'rs, Inc. v. Commercial Union Ins. Co.*, 51 F.3d 1336, 1342 (7th Cir. 1995) (stating that "[u]nder Illinois law, the construction of an insurance policy and a determination of the rights and obligations thereunder are questions of law for the court which are appropriate subjects for disposition by way of summary judgment" (quotation marks and brackets omitted)).

**ANALYSIS**

The Plaintiff, in its Motion for Summary Judgment, advances two primary arguments:

first, that Defendant Fortriede's alleged injuries did not arise out of the ownership, maintenance, or use of the vehicle; and second, that Defendant Singh's intentional, criminal act precludes coverage under the policy exclusion for intentional and/or criminal conduct. The Court will analyze both of the Plaintiff's arguments in turn.

A federal court sitting in diversity applies state substantive law and federal procedural law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Camp v. TNT Logistics Corp.*, 553 F.3d 502, 505 (7th Cir. 2009). The parties agree that Indiana provides the substantive law applicable to this case. *Camp*, 553 F.3d at 505 (noting that because none of the parties raised a choice of law issue, the substantive law of the forum state applied). The court's duty is to apply Indiana law as it believes the highest court of the state would apply it if the issue were presently before that tribunal. *State Farm Mut. Auto Ins. Co. v. Pate*, 275 F.3d 666, 669 (7th Cir. 2001). "When the state Supreme Court has not decided the issue, the rulings of the state intermediate appellate courts must be accorded great weight, unless there are persuasive indications that the state's highest court would decide the case differently." *Id.*

Insurance policies typically impose dual obligations on the insurer—the duty to indemnify the insured against damages or losses, and the duty to defend against claims for damages. Because an insurance policy is a contract for insurance, it is governed by the same rules of construction as other contracts. *Briles v. Wausau Ins. Cos.*, 858 N.E.2d 208, 213 (Ind. Ct. App. 2006) (citing *Gregg v. Cooper*, 812 N.E.2d 210, 215 (Ind. Ct. App. 2004)). As with other contracts, their interpretation is a question of law. *Briles*, 858 N.E.2d at 213; *see also Cinergy Corp. v. Associated Elec. & Gas Ins. Servs.*, 865 N.E.2d 571, 574 (Ind. 2007); *Westfield Cos. v. Knapp*, 804 N.E.2d 1270, 1273–74 (Ind. Ct. App. 2004).

In reviewing policy terms, the court construes them "from the perspective of an ordinary policyholder of average intelligence." *Allgood v. Meridian Sec. Ins. Co.*, 836 N.E.2d 243, 246–47 (Ind. 2005) (quoting *Burkett v. Am. Family Ins. Group*, 737 N.E.2d 447, 452 (Ind. Ct. App. 2000)). If the contract language is clear and unambiguous, it should be given its plain and ordinary meaning. *Tate v. Secura Ins.*, 587 N.E.2d 665, 668 (Ind. 1992); *Newnam Mfg., Inc. v. Transcont'l. Ins. Co.*, 871 N.E.2d 396, 401 (Ind. Ct. App. 2007). "Insurance companies are free to limit their liability, so long as they do so in a manner consistent with public policy as reflected by case or statutory law." *Gheae v. Founders Ins. Co.*, 854 N.E.2d 419, 423 (Ind. Ct. App. 2006). Thus, "[a]n insurance policy that is unambiguous must be enforced according to its terms, even those terms that limit an insurer's liability." *Amerisure, Inc. v. Wurster Constr. Co., Inc.*, 818 N.E.2d 998, 1002 (Ind. Ct. App. 2004). Moreover, interpretation should harmonize the policy's provisions rather than place its provisions in conflict. *Allgood*, 836 N.E.2d at 247. Where an ambiguity exists, the policy is generally construed in favor of the insured. *USA Life One Ins. Co. v. Nuckolls*, 682 N.E.2d 534 (Ind. 1997). This is particularly the case where a policy excludes coverage. *Am. States Ins. Co. v. Kiger*, 662 N.E.2d 945, 947 (Ind. 1996). However, an ambiguity exists only if reasonable people could disagree about the meaning of the contract's terms. *Beam v. Wausau Ins. Co.*, 765 N.E.2d 524, 528 (Ind. 2002); *Bosecker v. Westfield Ins. Co.,* 724 N.E.2d 241, 244 (Ind. 2000) ("An ambiguity exists where a provision is susceptible to more than one interpretation and reasonable persons would differ as to its meaning."). This does not mean that an ambiguity exists simply because an insured and an insurer disagree about the meaning of a provision. *Id.*

The insured is required to prove that its claims fall within the coverage provision of her

policy, but the insurer bears the burden of proving specific exclusions or limitations to policy coverage. *See Erie Ins. Grp. v. Sear Corp.*, 102 F.3d 889, 892 (7th Cir. 1996) (applying Indiana law). An insurer's duty to defend its insureds against suit is broader than its coverage liability or duty to indemnify. *Walton v. First Am. Title Ins. Co.*, 844 N.E.2d 143, 146 (Ind. Ct. App. 2006); *Trisler v. Ind. Ins. Co.*, 575 N.E.2d 1021, 1023 (Ind. Ct. App. 1991). Although an insurance company can limit its duty to defend, *cf. Walton v. First Am. Title Ins. Co.*, 844 N.E.2d 143, 147 (Ind. Ct. App. 2006) (stating that if the pleadings reveal that a claim is excluded under the policy, then no defense is required), an insurer is generally obligated to defend its insured against suits alleging facts that might fall within the coverage of the policy, *Fed. Ins. Co. v. Stroh Brewing Co.*, 127 F.3d 563, 566 (7th Cir. 1997). The insurer's duty to defend is determined from the allegations of the complaint and from those facts known to or ascertainable by the insurer after reasonable investigation. *Trisler*, 575 N.E.2d at 1023.

A.   **Defendant Singh's Act Did Not Arise from the Ownership, Maintenance, or Use of the Insured Vehicle**

Indiana courts have given "a more narrow construction" to the phrase "arising out of the ownership, maintenance or use" of a vehicle than have courts in certain other jurisdictions. *See Shelter Mut. Ins. Co. v. Barron*, 615 N.E.2d 503, 506 (Ind. Ct. App. 1993) (quotation marks omitted) (citing *Ind. Lumbermens Mut. Ins. Co. v. Statesman Ins. Co.*, 291 N.E.2d 897 (Ind. 1973)). In *Indiana Lumbermens*, the Indiana Supreme Court held that "the efficient and predominating cause of the accident must arise out of the use of the vehicle" in order for an accident to be covered under a policy insuring injuries "arising out of the ownership, maintenance or use" of the vehicle. 291 N.E.2d at 899 (quotation marks omitted). On at least

three different occasions, the Indiana Court of Appeals has applied the "efficient and predominating cause" language from *Indiana Lumbermens* to preclude coverage for firearms incidents occurring in or around automobiles. First, in *State Farm Mutual Automobile Insurance Co. v. Spotten*, 610 N.E.2d 299 (Ind. Ct. App. 1993), the Indiana Court of Appeals held that an insured driver was not covered when a passenger in another vehicle fired a shotgun into his vehicle. Noting the Indiana Supreme Court's construction of the phrase "arising out of the ownership, maintenance or use of an automobile" in *Indiana Lumbermens*, the *Spotten* court held that the drive-by shooting was a "random act of violence" and "not a risk reasonably contemplated by the parties." *Id.* at 302. Second, in *Moons v. Keith*, 758 N.E.2d 960 (Ind. Ct. App. 2001), the Indiana Court of Appeals held that a driver and passenger were not covered when the driver of another vehicle fired a pistol into their vehicle, injuring them both. Again analyzing the *Indiana Lumbermens* formulation, *id.* at 963, the *Moons* court found no causal connection between the use of the vehicle and the injuries, stating: "[T]he vehicle was merely used to transport [the shooter] to the scene. [The shooter] did not chase [the victims] in his car. The shooting was not the result of road rage. The cars did not touch." *Id.* at 964. The *Moons* court added that "[h]ad a more specific tie between the vehicle and the injuries been shown, then the vehicle might have been more than the mere situs." *Id.* But under the facts before it, the *Moons* court found no causal relationship between the vehicle and the injury.

Finally, in *Sizemore v. Erie Insurance Exchange*, 789 N.E.2d 1037 (Ind. Ct. App. 2003), the Indiana Court of Appeals held that a pedestrian injured when a paintball gun discharged accidentally from within an automobile was not covered by an automobile insurance policy in part because the injury did not arise out of the operation, maintenance or use of a vehicle. *Id.* at

10

1040.[1] The *Sizemore* court analyzed *Indiana Lumbermens*, *Spotten*, and *Moons*. Because "[t]he vehicle only remotely contributed to [the pedestrian's] injury by transporting the boys and the paintball equipment to the scene of the incident and by possibly coming into physical contact with the safety of the paintball gun prior to the gun discharging," the *Sizemore* court found no causal connection between the injury and the use of the vehicle.

    The Court agrees with the Plaintiff that Defendant Singh has failed to show that any alleged injuries to Defendant Fortriede were "damages arising out of the ownership, maintenance or use . . . of an insured auto." As noted above, the insured is required to prove that his claims fall within the coverage provision of the policy. *See Erie Ins. Grp.*, 102 F.3d at 892. Defendant Singh insists that under his version of the facts, Defendant Fortriede's road rage led to Defendant Singh's act of self-defense, and thus any injuries to Defendant Fortriede arose from the use of the insured vehicle. The court's duty is to apply Indiana law as it believes the Indiana Supreme Court would apply it if the issue were presently before that tribunal. *Pate*, 275 F.3d at 669. Because it appears the Indiana Supreme Court has not addressed this specific issue, rulings by the Indiana Court of Appeals "must be accorded great weight, unless there are persuasive indications that the state's highest court would decide the case differently." *Id.* Defendant Singh is correct that the Indiana Court of Appeals in *Moons* discussed the possibility that an uninsured motorist provision might provide coverage where an uninsured motorist shoots an insured motorist and where the shooting is a result of road rage. *See Moons*, 758 N.E.2d at 964. In such a case, factors such as the uninsured motorist chasing the insured motorist with his car or the two

---

[1] The *Sizemore* court's holding was also based on more restrictive policy language allowing coverage only in the case of a "motor vehicle accident." 789 N.E.2d at 1040.

cars actually colliding could serve to tie the vehicle of the uninsured motorist to the injuries of the insured motorist and trigger the uninsured motorist provision of the automobile insurance policy. *Id.* But because no such facts existed in *Moons*, that court found no causal connection between the vehicle and the injuries under the *Indiana Lumbermens* formulation.

Defendant Singh's argument is novel, but the Plaintiff is correct that Defendant Singh has produced no authority for his proposition. Notably, Defendant Singh does not argue that the uninsured motorist provision of his policy should apply to cover alleged injuries to Defendant Fortriede arising out of Defendant Fortriede's own act of road rage. Instead, Defendant Singh argues that his act of self-defense (firing his handgun) arose out of the use of his insured vehicle because it was in response to Defendant Fortriede's act of road rage, which arose out of the use of Defendant Fortriede's vehicle. Given the Indiana Supreme Court's *Indiana Lumbermens* formulation, the Court finds that even under Defendant Singh's version of the facts, he has not shown the existence of a causal connection between his use of his insured vehicle and alleged injuries to Defendant Fortriede. Thus, although he contests certain facts, they are not material facts, and summary judgment is appropriate. *See Harney*, 526 F.3d 1099; *Insolia*, 216 F.3d at 598–99. Defendant Singh argues that the efficient and predominating cause of the alleged injuries to Defendant Fortriede arose from Defendant Fortriede's use of his vehicle to chase and intimidate Defendant Singh. But Defendant Singh has not shown that the efficient and predominating cause of the alleged injuries to Defendant Fortriede arose from *Defendant Singh's* use of *his* insured vehicle. He has therefore failed to show a causal relationship under *Indiana Lumbermens*. *See* 291 N.E.2d at 899 ("the 'efficient and predominating cause' of the accident must arise out of the use of the vehicle"). Accordingly, he has failed to show that these alleged

injuries fall within the scope of his policy, and the Court will grant summary judgment in favor of the Plaintiff on this basis.

### B. Defendant Singh's Intentional, Criminal Act Precludes Coverage Under the Policy Exclusion for Intentional and/or Criminal Acts

"An insurance policy that is unambiguous must be enforced according to its terms, even those terms that limit an insurer's liability." *Haag v. Castro*, 959 N.E.2d 819, 824 (Ind. 2012) (quotation marks omitted). "Although insurers are free to limit coverage to the extent the limitations are consistent with public policy, the exclusionary clause must clearly and unmistakably bring within its scope the particular act or omission that will bring the exclusion into play." *Everett Cash Mut. Ins. Co. v. Taylor*, 926 N.E.2d 1008, 1012 (Ind. 2010) (citing *Meridian Mut. Ins. Co. v. Purkey*, 769 N.E.2d 1179, 1182 (Ind. Ct. App. 2002)).

The Plaintiff argues that the act of firing a gun is an intentional act from which a court may infer an intent to harm, citing *Allstate Insurance Co. v. Herman*, 551 N.E.2d 844 (Ind. 1990). In *Herman*, the Indiana Supreme Court held that a homeowner who deliberately fired a pistol into a fleeing crowd "deliberately committ[ed] an act which any reasonable person would deem calculated to cause injury" and thus an exclusionary clause for intentional acts precluded coverage under a homeowner's policy. *Id.* at 846. As part of its analysis, the *Herman* court quoted a Minnesota Court of Appeals opinion where an insured had fired shots into the lower level of a house "with the intent to scare the occupant of the house." In that opinion, cited with approval by the Indiana Supreme Court, the Minnesota Court of Appeals stated:

> The record is devoid of any evidence that [the shooter] had actual intent to inflict injury. Shooting into a house known to be occupied by people, however, is an egregious act, and intent to injure may be inferred as a matter of law.

*Herman*, 551 N.E.2d at 845 (quoting *Auto-Owners Ins. Co. v. Smith*, 376 N.W.2d 506, 510 (Minn. Ct. App. 1985)). *See also Allstate Ins. Co. v. Brown*, 16 F.3d 222, 225 (7th Cir. 1994) (finding that a policy exclusion for intentional or criminal acts did not require a subjective inquiry into whether a shooter had "a conscious desire or expectation to injure another"); *Gov't Emps. Ins. Co. v. Brown*, 739 F. Supp. 2d 1317, 1325 (D. Colo. 2010) ("There is . . . no question but that by firing a shotgun at close range into a vehicle full of passengers [the shooter] intended to inflict injuries on some or all of those persons."); *Lopez ex rel. Lopez v. Am. Family Mut. Ins. Co.*, 148 P.3d 438, 439 (Colo. App. 2006) ("[I]t may be inferred that when an individual deliberately aims a loaded BB gun at someone and pulls the trigger, the shooter intends or expects to cause some harm."). Because Defendant Singh deliberately aimed and fired his handgun at the vehicle occupied by Defendant Fortriede, the Plaintiff insists that Defendant Singh's intentional conduct precludes coverage in this case. The Plaintiff also argues that Defendant Singh's guilty plea to criminal recklessness forecloses any coverage under the policy exclusion for criminal conduct, whether that conduct was reckless or intentional. As noted above, Defendant Fortriede has already conceded that summary judgment is appropriate in favor of the Plaintiff because of the policy exclusion for intentional and/or criminal conduct.

Defendant Singh responds that he pled guilty to reckless, not intentional conduct. Citing to *Allstate Indemnity Co. v. Wise*, 818 So.2d 524 (Fla. Dist. Ct. App. 2001), he argues that the policy exclusion should not apply where he did not have "both an intent to act and a specific intent to injure." (Mem. of Law in Supp. of Resp. 4, ECF No. 25.) In *Wise*, the Florida District Court of Appeal found that public policy concerns required coverage where an insured driver injured other drivers while fleeing from the police, noting that "Florida law requires both an

14

intent to act and a specific intent to injure in order to bring a loss within the ambit of an intentional act coverage exclusion." *Id.* at 525. The Plaintiff counters that *Wise* is distinguishable because it involved an insured driver who had no intention of striking the vehicles during her flight from the police. Defendant Singh, by contrast, intended to fire his handgun at Defendant Fortriede's vehicle and thus intended any injury that resulted from his action. The Plaintiff also notes that another district court in the Seventh Circuit has declined to invalidate on public policy grounds an insurance policy exclusion precluding coverage for criminal acts, whether intentional or unintentional. *See Allstate Ins. Co. v. Norris*, 795 F. Supp. 272, 275–76 (S.D. Ind. 1992).

The Court finds that under the plain language of the insurance contract, Defendant Singh's intentional, criminal act precludes coverage. First, it is undisputed that Defendant Singh pled guilty to criminal recklessness. The policy excludes coverage for "bodily injury or property damage intended by, or reasonably expected to result from, the intentional or criminal acts or omissions of an insured person." Defendant Singh cannot argue that any injuries to Defendant Fortriede or his vehicle that resulted from his criminal act of pointing his handgun at Defendant Fortriede's vehicle and pulling the trigger were not reasonably expected. Defendant Singh does not address the criminality of his action or the plain language of the contract excluding coverage for injuries resulting from his criminal acts or omissions. Accordingly, the Court finds that his criminal act precludes coverage under the policy exclusion.

Second, the Court finds that Defendant Singh's deliberate act precludes coverage because the plain language of the contract excludes coverage for injuries resulting from intentional acts. As in *Herman*, Defendant Singh made the decision to commit "an egregious act," an act "which any reasonable person would deem calculated to cause injury." 551 N.E.2d at 845–46 (quotation

15

marks omitted). Defendant Singh's claim that he did not intend to harm Defendant Fortriede rings hollow where he fired into an occupied vehicle, *see Gov't Emps. Ins. Co.*, 739 F. Supp. 2d at 1325, particularly in light of the insurance contract itself which excludes coverage for bodily injury or property damage even if "such bodily injury or property damage is of a different kind or degree than intended or reasonably expected." *See also Allstate Ins. Co. v. Brown*, 16 F.3d at 225 (finding that under Indiana law, pointing a gun at another and pulling the trigger precluded coverage under an objective standard and did not require a subjective "conscious desire or expectation to injure another"). Defendant Singh's claim that he only intended to scare Defendant Fortriede is also unavailing when an "intent to injure may be inferred as a matter of law." *Herman*, 551 N.E.2d at 845 (quotation marks omitted). The Court distinguishes *Wise* because this is not a case where public policy militates for a finding of coverage for injuries unintentionally inflicted during a course of criminal conduct. As discussed above, the Court finds that alleged injuries to Defendant Fortriede reasonably arose from Defendant Singh's deliberate, criminal act. Public policy does not require coverage for injuries arising from such acts. Further, under the Indiana Supreme Court's reasoning in *Herman*, Indiana law does not "require[] both an intent to act and a specific intent to injure in order to bring a loss within the ambit of an intentional act coverage exclusion." *Wise*, 818 So.2d at 525. Defendant Singh may have pled guilty to recklessness, but the reckless acts consisted of deliberately pointing and firing a handgun. These deliberate acts, under the record before the Court, preclude coverage under the plain language of the insurance contract, and the Court will deny coverage under the policy exclusion on the basis of Defendant Singh's intentional acts.

    For all the reasons discussed, the Court finds that Indiana law precludes coverage under

the policy, and the Court will decline to allow Defendant Singh "to ask the Indiana courts to revisit the issue in light of holding[s] from other jurisdictions" (Mem. of Law in Supp. of Resp. 4) or the specifics of Defendant Singh's road rage argument.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Plaintiff's Motion for Summary Judgment [ECF No. 21]. The Court DIRECTS the Clerk to enter judgment in favor of the Plaintiff, Allstate Insurance Company, and against the Defendants, Kuldeep Singh and Peter M. Fortriede, declaring that the Plaintiff has no duty to defend or indemnify Defendant Singh under the terms of Allstate Policy No. 9 11 94773308/12 [ECF No. 21-1].

SO ORDERED on May 20, 2013.

        s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT